**Sailasa NAILAVA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–71146.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Ashwani K. Bhakhri, Esquire, Burlingame, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan K. Houser, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Sailasa Nailava, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). Reviewing for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), we deny the petition for review.

Substantial evidence supports the agency's conclusion that the incidents of mistreatment Nailava suffered in Fiji did not rise to the level of persecution. *See id.* at 1016–18; *see also Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (arrest, interrogation, brief detention, and beating did not compel finding of past persecution). Further, substantial evidence supports the agency's finding that Nailava failed to establish he has an objective well-founded fear of persecution. *See Prasad,* 47 F.3d at 339–40. Therefore, Nailava's asylum claim fails.

Because Nailava failed to demonstrate eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of deportation. *See id.* at 340.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence supports the agency's denial of CAT relief because Nailava failed to show it was more likely than not that he would be tortured in Fiji. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**